104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Raul RIVERA, Defendant,
Neil JOHNSON, Defendant-Appellant.
 No. 96-1178.
 United States Court of Appeals, Second Circuit.
 Nov. 13, 1996.
 
 1
 Appeal from the United States District Court for the District of Connecticut (Ellen Bree Burns, Judge).
 
 
 2
 APPEARING FOR APPELLANT: Jon L. Schoenhorn, Schoenhorn & Associates, Hartford, Conn.
 
 
 3
 APPEARING FOR APPELLEE: Carl J. Schuman, Assistant United States Attorney, Hartford, Conn.
 
 
 4
 D.Conn.
 
 
 5
 AFFIRMED.
 
 
 6
 PRESENT: FEINBERG, LEVAL and PARKER, Circuit Judges,
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for Connecticut and was argued by counsel.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 9
 Neil Johnson appeals his conviction and sentence after a jury verdict finding him guilty of conspiracy to possess with intent to distribute more than 100 grams of a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1). Judge Ellen Bree Burns sentenced Johnson to 320 months imprisonment, 8 years supervised release, and a $50 assessment. This was Johnson's second trial on this charge, his earlier conviction having been reversed on appeal by reason of prejudicial evidence in United States v. Rivera, 61 F.3d 131 (2d Cir.1995).
 
 
 10
 On this appeal, Johnson argues first that his conviction should be reversed because the jury was not selected from a fair cross-section of the community, in violation of the Fifth and Sixth Amendments and the Jury Service and Selection Act, 28 U.S.C. § 1861 et seq. Johnson also contends that he is entitled to a remand for resentencing. He argues principally that his sentence was unlawfully increased based on the unreliable testimony of his cooperating codefendant. We affirm the conviction and sentence.
 
 
 11
 Johnson's jury claim was one of several in the District of Connecticut arising from the adoption of a new jury selection system. The hearings in these cases were consolidated into a single record, on which this and the appeals in two other cases were based. Recently, in one of these other cases, United States v. Rioux, 97 F.3d 648 (2d Cir.1996), we upheld the lawfulness of the jury selection plan that Johnson challenges. That decision addressed each one of Johnson's claims, and at argument Johnson's counsel conceded that he was unable to point to any evidence or arguments raised by Johnson that were not considered by the panel in Rioux. Accordingly, we reject Johnson's challenge to the Connecticut jury selection plan.
 
 
 12
 Johnson's claim that his sentence was unlawfully based on the uncorroborated testimony of a cooperating witness also fails. The findings on which the district court based the sentence were adequately supported and were within the sentencing judge's discretion. The sentence must be upheld.
 
 
 13
 We have considered all of Johnson's claims and they are without merit. The judgment is affirmed.