15-2051-cr
United States v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*,
J. PAUL OETKEN,
*District Judge.*[*]

---

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                     No. 15-2051-cr

NEIL JOHNSON, AKA Daddy O,
*Defendant-Appellant*,

RAUL RIVERA,
*Defendant.*[**]

---

APPEARING FOR APPELLANT:      JON L. SCHOENHORN, Jon L. Schoenhorn & Associates, LLC, Hartford, Connecticut.

---

[*] The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLEE:     JOHN W. LARSON, Assistant United States Attorney (Michael E. Runowicz and Marc H. Silverman, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Janet C. Hall, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on June 18, 2015, is AFFIRMED.

Defendant Neil Johnson stands convicted after a jury trial of conspiracy to possess with intent to distribute more than 100 grams of heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, for which he received a 320-month imprisonment sentence. Johnson appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. We review a determination that a defendant is ineligible for a sentencing reduction de novo. See United States v. Christie, 736 F.3d 191, 195 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In arguing that he was eligible for a sentence reduction under Amendment 782, Johnson maintains that the district court (1) erroneously relied on discredited coconspirator testimony in concluding that his base offense level was 36; and (2) downwardly departed to adjust for any potential miscalculation in drug quantity, thereby effectively basing his

2

sentence on a total offense level of 38, not 42. This argument fails because Amendment 782 does not reduce Johnson's applicable Guideline range. See U.S.S.G. § 1B1.10(a)(2)(B) (explaining that defendant is not entitled to sentence reduction where amendment "does not have the effect of lowering the defendant's applicable guideline range"); see also Dillon v. United States, 560 U.S. 817, 821 (2010) (recognizing that § 3582(c)(2) requires sentence reductions to be "consistent with applicable policy statements issued by the Sentencing Commission").

In determining eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2), a court properly considers "the amended guideline range that would have been applicable to the defendant if the amendment[] to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). For this purpose, a defendant's "applicable guideline range" is considered to be "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." Id. § 1B.1.10 cmt. n.1(A) (emphasis added).

Here, the district court found that Johnson was responsible for trafficking 10 to 30 kilograms of heroin, resulting in a base offense level of 36. After applying aggravating firearm and role enhancements, the court determined that Johnson's total offense level was 42. With Johnson's category III criminal history, this resulted in a Guidelines range of 360 months' to life imprisonment. Had it been in effect at the time of sentencing, Amendment 782 would have reduced Johnson's total offense level from 42 to 40.

3

Nevertheless, his applicable pre-departure Guidelines range would have remained 360 months' to life imprisonment.  See U.S.S.G. § 5, Pt. A (sentencing table).  Accordingly, the district court correctly concluded that Johnson is ineligible for a § 3582(c)(2) reduction.  See id. § 1B1.10(a)(2)(B).

Insofar as Johnson claims eligibility because his sentence was infected by procedural error in the district court's use of discredited testimony in calculating his base offense level, this argument cannot be pursued on a motion for a sentence reduction.  See United States v. Mock, 612 F.3d 133, 135 (2d Cir. 2010) ("[N]either the district court nor this Court is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), defendant's arguments regarding procedural errors at his original, now-final sentencing.").  Rather, the argument was properly raised on direct appeal, where it was rejected by this court on the merits.  See United States v. Rivera, 104 F.3d 354, 1996 WL 665721, at *1 (2d Cir. 1996) (unpublished table decision).  Insofar as Johnson argues that the district court's subsequent departure under U.S.S.G. § 5K2.0 means that the sentence was effectively based on a total offense level of 38, that departure is irrelevant for present purposes, as already mentioned.  See U.S.S.G. § 1B1.10 cmt. n.1(A).

We have considered Johnson's remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4