16-280-cr
United States v. Morillo

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    No. 16-280-cr

JOEL JESUS MORILLO, AKA "Sealed Defendant 1,"
                    *Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:          JESSE M. SIEGEL, Law Office of Jesse M. Siegel, New York, New York.

APPEARING FOR APPELLEE:           KARL METZNER, Assistant United States Attorney (Jaimie Nawaday, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a final order of the United States District Court for the Southern

District of New York (Katherine B. Forrest, *Judge*)

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 20, 2016, is AFFIRMED.

Defendant Joel Jesus Morillo, who is presently serving a 100-month prison sentence for trafficking cocaine, appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1(c). The district court recognized, and the parties agree, that Morillo is eligible for a reduction under § 3582(c)(2). Even if a defendant is eligible for a sentencing reduction under § 3582(c)(2), however, a district court has the discretion to grant or deny such relief as it determines is warranted. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010); *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). In exercising its discretion, the court must consider the factors outlined in 18 U.S.C. § 3553(a), *see United States v. Christie*, 736 F.3d 191, 194–95 (2d Cir. 2013), and present "at least some minimal statement of reasons for [its] action" to allow for meaningful appellate review, *id.* at 197.

We review the denial of a sentence reduction to an otherwise eligible defendant for abuse of discretion, *see United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), which we will identify only where the court's ruling rests "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or "cannot be located within the range of permissible decisions," *United States v. Borden*, 564 F.3d at 104 (internal quotation marks omitted). In conducting our review, we assume the parties' familiarity

2

with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court denied Morillo's sentence-reduction motion after "review[ing] the relevant records . . . , including [his] submissions in connection with [his] motion and the transcript of the sentencing proceedings," concluding that "the same factors that supported the original sentence remain relevant and lead to the same finding that the 100 month sentence" is appropriate. App'x 67. The court noted that, at the original sentencing, it "took into account the full range of circumstances, explicitly including the factors identified in 18 U.S.C. § 3553(a)." *Id.* at 62. It nonetheless reviewed some of those circumstances again, including Morillo's "substantial assistance to the prosecution of others" as well as "the seriousness of [his] drug crimes, which undoubtedly ruined victims' lives," and which caused it to conclude that he was "a far more extensive drug dealer than two other dealers against whom [he] had cooperated." *Id.* at 62–63 (internal quotation marks omitted). It also observed that it had considered the need for a sentence to "provide adequate deterrence." *Id.* at 63.

This record demonstrates that the court sufficiently considered the § 3553(a) factors and provided "at least some minimal statement of reasons for [its] action." *United States v. Christie*, 736 F.3d at 197. Accordingly, the district court did not abuse its discretion in denying Morillo's sentence-reduction motion. S*ee United States v. Raysor*, 369 F. App'x 294, 296 (2d Cir. 2010) (holding that court's emphasis on considerations from original sentencing in denying § 3582(c)(2) motion was not abuse of discretion).

In urging otherwise, Morillo contends that the district court insufficiently credited his assistance to law enforcement and that such an approach is "unlikely to provide an incentive for others to cooperate." Appellant's Br. 21. He points to U.S.S.G. § 1B1.10(b)(2)(B), which provides an exception to the rule that a sentence cannot be reduced on a § 3582(c)(2) motion below the minimum of the amended Guidelines range for defendants like Morillo who initially received below-Guidelines sentences based on "substantial assistance." But § 1B1.10(b)(2)(B) states only that, in such cases, a "reduction comparably less than the amended guideline range . . . *may* be appropriate." *Id.* (emphasis added). A district court is thus no more required to grant a reduction to a defendant already credited for substantial assistance than it is to any eligible defendant.

Morillo also faults the district court for considering the "nature and seriousness of the danger . . . that may be posed" by a *reduction* in his sentence, as opposed to considering merely how that factor applied at his initial sentencing. Appellant's Br. 23 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(ii)). But in referring back to the seriousness of Morillo's crimes *as a justification for not reducing his sentence*, the district court satisfied any obligations imposed by § 1B1.10 cmt. n.1(B)(ii).

Insofar as Morillo also takes issue with the court's weighing of the § 3553(a) factors, he presents no basis in law for requiring the district court to weigh any one such factor more heavily than another. *See United States v. Fernandez*, 443 F.3d 19, 29–32 (2d Cir. 2006) (holding that reviewing court will not conclude that district court failed to consider § 3553(a) factors because it "did not discuss each one individually," *id.* at 30, and that weight to be assigned factors is matter committed to exclusive discretion of

4

district court as long as sentence imposed is substantively reasonable).  Moreover, § 3582(c)(2) and § 1B1.10 do not obligate the district court to "explain why its section 3553(a) analysis was unaffected by . . . the reduction in sentencing guidelines," Appellant's Br. 26, but only to "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2).

Finally, Morillo suggests that the court abused its discretion in failing to consider his post-sentencing conduct.   But § 1B1.10 cmt. n.1(B)(iii) states only that a court "*may* consider post-sentencing conduct of the defendant."   Thus, a court does not abuse its discretion in failing explicitly to consider such conduct, much less in failing to grant a reduction on that basis.

We have considered Morillo's other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5