15-4022
*United States v. Majors*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                  *Chief Judge*,
             AMALYA L. KEARSE,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

UNITED STATES OF AMERICA,

      *Appellee*,

      - v -                                        No. 15-4022

JAMES DOUCHETTE AKA JIG, AKA JIGGA,
SANTIAGO CIPRIAN, AKA WALLY,
WALDEMAR GONZALEZ, AKA VIC, ERIC
RICHARDS, AKA E.B., KAMIAS SMITH, AKA
KILLER, AKA KAMIUS SMITH, DAVID
RODRIGUEZ, AKA ANT, JAYSON
DAVIDSON, AKA BOOGIE, DAVID MASON,
AKA GUSSIE, AKA C, GAIL BROWN,
RIGOBERTO ARVIZU, AKA RIGO, AKA
RICO,

      *Defendants*,

ALTON MAJORS, AKA STREETS,

1

*Defendant-Appellant*.

| | |
|---|---|
| For Defendant-Appellant: | MaryBeth Covert (Martin J. Vogelbaum, *on the brief*), Federal Public Defender's Office, Western District of New York, Buffalo, NY. |
| For Appellee: | Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Defendant-appellant Alton Majors appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We review *de novo* "whether [a defendant's] sentence was 'based on a sentencing range that was subsequently lowered by the Sentencing Commission,'" a prerequisite for a defendant's eligibility for a sentence reduction. *United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009) (quoting *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)). "When a defendant is eligible for resentencing, 'we review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion.'" *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Supreme Court has set out a two-step approach for district courts to follow when resolving a motion to reduce a sentence under 18 U.S.C. § 3582(c)(2):

> At step one, § 3582(c)(2) requires the court . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . .
>
> . . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817, 827 (2010).

To the extent the district court denied Majors's motion at the first *Dillon* step, we vacate and remand for further factfinding. "[D]istrict courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court." *United States v. Rios*, 765 F.3d 133, 138 (2d Cir. 2014) (quoting *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009)). When the district court denied Majors's sentence reduction motion, it stated that "the guideline remains unchanged at 97 to 121 months" because, at his original sentencing, Majors had not objected to a finding that he was responsible for the "high end" of a range of 150 to 500 grams of cocaine base. Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), *United States v. Majors*, No. 6:10-cr-06058-CJS-JWF (W.D.N.Y. Dec. 1, 2015), ECF No. 419. At his original sentencing, Majors expressly agreed that he was responsible for more than 196 grams of cocaine base. *See* Joint App. 88–89. However, under the version of the United States Sentencing Guidelines in effect at Majors's original sentencing, Majors's base offense level of 30 could have been calculated based on a finding of either 196 to 280 grams or 280 to 840 grams of cocaine base. *See* U.S. Sentencing Guidelines Manual Supp. § 2D1.1(c)(4)–(5) (U.S. Sentencing Comm'n 2010) (setting a base offense level of 30 for 196 to 280 grams of cocaine base and a base offense level of 32 for 280 to 840 grams of cocaine base); U.S. Sentencing Guidelines Manual § 2D1.1(a)(5)(B)(i) (U.S. Sentencing Comm'n 2010) (decreasing base offense level of 32 by two if defendant receives a mitigating role adjustment, as Majors

3

did); Joint App. 89–91. This ambiguity is compounded by the fact that, on appeal, the government concedes that Majors's original sentence was based on a range of 196 to 280 grams of cocaine base. Majors would be eligible for a sentence reduction if the 2014 Guidelines were applied to this range and other aspects of his Guidelines calculation remained the same. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(6) (U.S. Sentencing Comm'n 2014). In light of these ambiguities, further factfinding by the district court, or at least a clarification of existing factfinding, is necessary in order to determine Majors's eligibility for a sentence reduction.

To the extent the district court denied Majors's motion at the second *Dillon* step, we vacate and remand for the district court to discuss the § 3553(a) factors that must be considered when resolving a sentence reduction motion for which a defendant is eligible. When a district court denies a sentence reduction motion at *Dillon* step two, it must "provide, at a minimum, enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review." *Christie*, 736 F.3d at 196. In the present case, although the district court invoked its discretion to decide Majors's motion, the district court did not discuss any § 3553(a) factors. *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), *United States v. Majors*, No. 6:10-cr-06058-CJS-JWF (W.D.N.Y. Dec. 1, 2015), ECF No. 419.

We have considered the parties' remaining arguments on appeal and find in them no basis for altering our decision. For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
