*United States v. Shakir Michael*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge*.\*

─────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                              15-2526

SHAKIR MICHAEL,

> *Defendant-Appellant*.

─────────────────────────────────────

For Defendant-Appellant:           THERESA SUOZZI, Saratoga Springs, New York

For Appellee:                      SANGITA K. RAO, Appellate Section, Criminal Division, U.S. Department of Justice, Washington, DC (Richard S. Hartunian, United States Attorney for the

─────────────────────────

\* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

Northern District of New York, Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Robert A. Sharpe, Assistant United States Attorney, on the brief)

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J*.)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Shakir Michael appeals from a judgment of conviction entered on August 4, 2015 in the United States District Court for the Northern District of New York (D'Agostino, *J*.), sentencing him principally to 77 months' imprisonment. Michael was convicted after a jury trial of unlawful possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

**A. Sufficiency of the Evidence**

Michael was tried before a jury on two charges: Count One, unlawful possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and Count Two, possession of a firearm in furtherance of narcotics trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). The jury found Michael guilty as to Count One and not guilty as to Count Two. Michael contends that the evidence at trial was insufficient to convict him of unlawful possession of a firearm and ammunition. For the following reasons, we disagree.

Our analysis on sufficiency review is highly deferential. "Specifically, we must view the evidence in the light most favorable to the Government, crediting every inference that could

2

have been drawn in the Government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence.   Although sufficiency review is *de novo,* we will uphold the judgments of conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015).   Moreover, we have long held that "review of the legal sufficiency of the evidence with respect to one count should be independent of the jury's determination that the evidence on another count was insufficient to meet the government's burden."   *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994).   Applying this standard, we consider, given the entire body of evidence before the jury, whether "any rational trier of fact" could have found the elements of the crime for which Michael was convicted beyond a reasonable doubt.

To establish that the defendant possessed a firearm, the Government can show either "actual possession," that the defendant "physically possessed the firearm," or constructive possession, which "exists when a person has the power and intention to exercise dominion and control over an object."   *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002).   A defendant's physical handling of the firearm is sufficient to allow a jury to find actual possession, "however briefly it occurred."   *Id.*

The basic underpinnings of the Government's case on unlawful possession of a firearm were that, on the night of January 12, 2014 and early morning of January 13, 2014, the cooperating witness, who had used narcotics several times already over the course of that evening, contacted the defendant and asked to purchase narcotics.   After meeting in person and learning that the cooperating witness was short on cash, the defendant refused to provide narcotics on credit.   The cooperating witness then asked whether the defendant would exchange narcotics for a firearm; when the defendant responded in the affirmative, the cooperating witness

3

broke into his employer's store and stole a firearm. When the cooperating witness returned with the firearm, the defendant "took off his white tee-shirt and grabbed it, asked me if it was loaded . . . and he gave me two bags of crack cocaine for it." Trial Tr. 297-98.

There was substantial evidence before the jury supporting the cooperating witness's account. The cooperating witness testified at trial that he had frequently purchased crack cocaine from the defendant, and regularly contacted Michael at a phone number Michael had given him. After being arrested for the break-in, the cooperating witness directed police officers to the specific house in which Michael lived, identified Michael in a photo array, and identified correctly the make of Michael's car, all of which corroborated his testimony that he knew and was familiar with Michael. The basic facts of the cooperating witness's larger story were confirmed by a surveillance video shown at trial, and the several calls from phone records subpoenaed by the Government between the cooperating witness's phone and the number Michael had allegedly given him corresponded precisely with the cooperating witness's account. As the cooperating witness's story suggested it would be, the loaded weapon was recovered from the building where Michael lived. Finally, the jury could have found that the cooperating witness's credibility was buttressed by the fact that his story was consistent throughout: the substance of his testimony at trial was nearly identical to the video and written statements he gave to the police on the evening of January 13. It was therefore well within the province of the jury to find the cooperating witness credible on the key element of the unlawful possession charge: that the cooperating witness had handed the firearm to Michael and that Michael personally held – had actual possession of – the firearm and ammunition.

The jury could also have found Michael guilty by imputing constructive possession of the firearm. "Constructive possession exists when a person has the power and intention to exercise

4

dominion and control over an object, [which] may be shown by direct or circumstantial evidence." *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998). The Government need not prove that the weapon was not subject to the dominion and control of others. *Id.* Here, the cooperating witness's testimony, when linked with the circumstantial evidence of the discovery of the weapon in an unlocked closet in a common hallway on the second floor of Michael's two-story building, is more than enough to suggest that Michael had the power and intent to exercise control over the weapon. The fact that the defendant's cousin lived on the second floor is immaterial. Even if the location of the weapon meant that the defendant's cousin could also theoretically have exerted control over the weapon, the jury could still conclude that the collective evidence demonstrated *Michael*'s possession beyond a reasonable doubt.

### B. Coordinated Universal Time Instruction: Judicial Notice

Because the cooperating witness's testimony was corroborated by his phone records, the Government devoted significant time at trial to the phone records, and it introduced the records themselves as evidence. Each page of those records included a heading noting that the phone company's records were "stored and provided in UTC." Gov't App'x 61. In response to a jury note inquiring "what UTC time is and if there is a difference between Eastern Daylight Savings Time and UTC time," Gov't App'x 15, the district court, over the objections of both the Government and the defendant, decided to define Coordinated Universal Time ("UTC") for the jury by supplemental instruction. The district court told the jury the following: "Coordinated Universal Time, abbreviated as UTC, is the primary time standard by which the world regulates clocks and time. Local time on the east coast of the United States is five hours behind UTC during winter but four hours behind while daylight savings is observed." Trial Tr. 582. The district court did not instruct the jury about the meaning of the heading at the top of each phone

5

record page. On appeal, Michael renews his challenge to the district court's determination that it was appropriate to instruct the jury on this point.

"We review the District Court's determination of whether to take judicial notice of facts for abuse of discretion." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008). We also review a district court's decision to offer supplemental instructions for abuse of discretion, *Garnett v. Undercover Officer C0039*, -- F.3d --, 2016 WL 5496761, at \*12 (2d Cir. Sept. 30, 2016), keeping in mind that, under Rule 30 of the Federal Rules of Criminal Procedure, this discretion is not without limits, *Uzoukwu v. City of New York*, 805 F.3d 409, 414 (2d Cir. 2015).

Here, the district judge's decision to take judicial notice of the relationship between UTC and Eastern Time, and to so instruct the jury, was not an abuse of discretion. Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of a fact that is not subject to reasonable dispute at any point in the proceedings. Fed. R. Evid. 201(b), (d). The relationship between UTC and Eastern Time is not subject to reasonable dispute – Michael himself makes no effort to dispute it – and so, by the terms of the rule, both the timing and content of the district court's instruction to the jury were legitimate. Moreover, the district judge carefully crafted the supplemental instruction to define only the term at issue and to sidestep the substance of the text in the cooperating witness's phone records. Given the evident confusion exhibited by the jury, it was not an abuse of the district judge's discretion to take judicial notice and offer an instruction resolving this definitional confusion.

## C. Sentencing: Procedural Challenges

After arrest, Michael was detained for fifteen months in Albany County Jail on state charges relating to the instant offense before those charges were dismissed in favor of federal

6

prosecution. He was then detained a further three months in Albany County Jail because his conduct had also violated the terms of his state parole, for a total of eighteen months' detention in Albany County Jail, and later spent eight months in federal detention awaiting trial and sentencing for the instant offense. Michael argues that the district court should have taken these twenty-six months in custody into account at sentencing.[1]

Much of the time in custody about which Michael complains was, in fact, taken into account by the district court at sentencing, or will be taken into account by operation of law. For instance, Michael will get credit for his eight months in federal custody pursuant to 18 U.S.C. § 3585(b). More pertinent here, the district judge imposed a sentence of 77 months, or fifteen months less than the 92 months calculated as the low end of Michael's sentencing range under the United States Sentencing Guidelines, to reflect the time that Michael had spent in state custody as a result of the offense for which he was ultimately convicted in federal court. The district court specifically noted that it would "adjust the sentence in this offense for the time previously spent in state custody, which is 15 months." Sentencing Tr. 27.

We conclude, however, that Michael is correct in arguing that the district court erred in accounting for the time he spent in state custody. The district court calculated Michael's time in state custody to be fifteen months, when it appears that he may have been in custody for eighteen months in connection with the present charges. The district court then reduced Michael's sentence by only those fifteen months, without otherwise articulating why it would have credited Michael with fifteen, rather than the full eighteen, months.

---

[1] Michael also challenges the district court's decision to impose a two point enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because even though the gun that Michael possessed was stolen, Michael allegedly did not know that it was stolen. We rejected this argument in *United States v. Thomas*, 628 F.3d 64, 68-70 (2d Cir. 2010), and Michael gives us no reason to revisit that precedent now.

7

A court must state openly its reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). This requirement helps ensure that the district court has considered the parties' arguments and that the sentence the district court ultimately imposes is fully reasoned. *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc). The open court requirement is also necessary to our review of sentences imposed by district courts. Though our review of such sentences is extremely deferential, "we ordinarily will not be able to determine whether the district court's exercise of discretion was reasonable without an indication of the reason the discretion was exercised as it was." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). Thus, a district court's failure to adequately specify its reasoning at sentencing is procedural error. *United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007). And "when the district court's statement provides an insufficient basis for us to determine why the district court did what it did, that is an error that affects a defendant's substantial rights" and cannot withstand plain error review. *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (internal alterations omitted).

Here, our review is constrained because the district court found that Michael's prior state custody warranted a reduction in the length of his sentence and concluded that it would "adjust the sentence in this offense for the time previously spent in state custody, which is 15 months." Sentencing Tr. 27. However, the record before us suggests – and the Government does not contest – that Michael spent eighteen months in state custody. The district court may have intended to grant Michael credit for the full amount of time spent in state custody and mistakenly believed that he was in custody for only fifteen months. Without more, the absence of an explanation for this disparity prevents us from determining "why the district court did what it did." *Ware*, 577 F.3d at 452.

Accordingly, we remand with instructions for the district court to evaluate whether its sentence does, and if it does not, whether it should, reflect the entirety of the time Michael spent in state custody. The district court is directed to vacate the sentence if it determines that it erred in calculating Michael's time in state custody to be fifteen months and, as necessary, to conduct further proceedings thereafter.

\*     \*     \*

We have considered Michael's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of conviction, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9