United States v. Garcia (Salinas-Garcia)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:        ROSEMARY S. POOLER,
                BARRINGTON D. PARKER,
                REENA RAGGI,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                      17-3561

JOSE FERNANDO SALINAS-GARCIA, aka SARGEANT PUMA,

                        *Defendant-Appellant*.[1]

_____

Appearing for Appellant:        Jose Fernando Salinas-Garcia, pro se, Washington, MS.

Appearing for Appellee:         Emil Joseph Bove, III, Won S. Shin, Assistant United States
                                Attorneys, *for* Geoffrey S. Berman, United States Attorney for the
                                Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

_____

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Jose Fernando Salinas-Garcia, pro se, appeals from the October 4, 2017, order of the United States District Court of the Southern District of New York (Preska, *J.*) denying his motion for reconsideration of the district court's August 15, 2017, order. In those orders, the district court concluded that Salinas-Garcia was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). Salinas-Garcia moved for Section 3582(c)(2) relief based on the retroactive application of Guidelines Amendment 782, which lowered the base offense levels for many drug crimes. The district court determined that Salinas-Garcia was eligible for Section 3582(c)(2) relief, but that a reduction was not warranted based on its consideration of the 18 U.S.C. § 3553(a) factors. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's discretionary denial of a Section 3582(c)(2) motion for abuse of discretion. *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014). We also review the denial of a motion for reconsideration for abuse of discretion. *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission upon the court's consideration of the factors set forth in section 3553(a), so long as such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Borden*, 564 F.3d 100, 103 (2d Cir. 2009) (internal quotation marks omitted). "If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10," then the district court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *United States v. Christie*, 736 F.3d 191, 194-95 (2d Cir. 2013) (internal quotation marks omitted). A court's explanation for its decision to grant or deny Section 3582(c)(2) relief "need not be lengthy" so long as it provides "some indication of the rationale for the ruling." *Id.* at 196. Nor is the court required to discuss each Section 3553(a) factor individually. *See id.*

Given the parties' agreement that Salinas-Garcia is eligible for a sentence reduction, the only issue before this Court is whether the district court abused its discretion in denying Salinas-Garcia a reduction. It did not. In denying relief, the district court properly considered the Section 3553(a) factors, finding that Salinas-Garcia's sentence should not be reduced because of the need to protect the public from any further crimes from Salinas-Garcia. *See* 18 U.S.C. § 3553(a)(2)(C); Order at 2-3, *United States v. Salinas-Garcia*, No. 1:04-cr-603 (S.D.N.Y. Aug. 15, 2017), ECF No. 223.

2

We have considered all of Salinas-Garcia's remaining arguments and find them to be without merit. The order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk