*United States v. Nosov*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                    No. 21-187

ALEXANDER NOSOV, AKA SASHA DLINNI,

> *Defendant-Appellant,*

NATAN GOZMAN, VASILIY ERMICHINE, AKA
VASSYA, AKA BLONDIE,

> *Defendants.**

———————————————————————

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR APPELLANT:                          RICHARD M. LANGONE, Langone &
                                        Associates, PLLC, Garden City, NY.

FOR APPELLEE:                           CHRISTY SLAVIK (Stephen J. Ritchin, *on the
                                        brief*), *for* Damian Williams, United States
                                        Attorney for the Southern District of New
                                        York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** pursuant to the procedures outlined in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), with directions to the district court to issue a clarifying order as set forth below.

Alexander Nosov is serving concurrent life terms of imprisonment resulting from his 2001 conviction for kidnapping and murder. *See* 18 U.S.C. §§ 1959(a)(1), (a)(2), 2101(a)(1), (c). He now appeals from the district court's denial of his motion under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction, also known as a motion for compassionate release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to remand the case in relevant part.

We review a challenge to a district court's decision denying a motion under § 3582(c)(1)(A) using a deferential abuse-of-discretion standard. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court may exercise its discretion to "reduce [a] term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *see Brooker*, 976 F.3d at 230 (2d Cir. 2020) (explaining that "the First Step Act empowered district courts evaluating motions for

2

compassionate release to consider *any* extraordinary and compelling reason for release that a defendant might raise" (emphasis in original)).[1]

Nosov challenges the district court's order as procedurally and substantively unreasonable. Because we proceed by *Jacobson* remand based on Nosov's procedural reasonableness challenge, we do not address his substantive reasonableness arguments in this order. Rather, we focus on his contention that the district court was procedurally unreasonable because it failed to provide a sufficient explanation of its decision.

A district court is not statutorily required to state the reasons underlying its decision in every case in which it denies a section 3582(c)(1) motion. *See* 18 U.S.C. § 3582(c)(1); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (declining to require district courts to "provide an on-the-record explanation of its reasons" in every case when ruling on a section 3582(c)(2) motion). The sufficiency of a district court's explanation in support of its decision will depend on the circumstances of each case. *See Chavez-Meza*, 138 S. Ct. at 1965. The relevant circumstances include whether the district court's rationale is "apparent from the record," *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013), as well as the complexity of the case and the judge's familiarity with the record and the parties' arguments, *see Chavez-Meza*, 138 S. Ct. at 1967.

Before the district court, Nosov asserted several grounds for finding that "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1), support a sentence reduction here. These include Nosov's youth at the time of the underlying offense; the existence of post-sentencing evidence as to his level of culpability; his rehabilitation as reflected by his conduct during his incarceration; and his health conditions today. With respect to the last of these arguments, the government informed the district court that Nosov's body mass index was "above 30," and that "CDC guidance indicates that individuals who suffer from obesity—*i.e.*, BMI between 30 and 40—are at increased risk from COVID-19." Government Letter at 5 n.3, *United States v. Nosov*, No. 00-cr-314 (Jan. 18,

---

[1] In quotations from caselaw and the parties' briefing, this Order omits all quotation marks, alterations, and citations, unless otherwise noted.

2021) (ECF No. 108). Thus, according to the government, Nosov "appear[ed] to demonstrate extraordinary and compelling reasons for a sentence reduction." *Id.* at 5.

The government's acknowledgement stands in tension with the district court's conclusion that Nosov "ha[d] not shown extenuating and compelling reasons warranting a reduction in sentence."[2] App. 59–60. The order provides no explanation that might resolve this discrepancy and, more generally, offers little explicit explanation as to its reasoning for denying the compassionate-release motion. Of course, the government's concession did not mean that the court was required to exercise its discretion to grant compassionate release, and in some cases, the reasons for the district court's action "may be obvious from the history of the case." *Christie*, 736 F.3d at 196. In the circumstances presented, however, we conclude that the court's order did not sufficiently explain its decision.

We therefore remand the case pursuant to the procedures adopted in *Jacobson*, with instructions to the district court to enter an order clarifying the reasons for its decision on the motion. While we are remanding solely for clarification, the district court may wish on remand to consider expressly the arguments that Nosov has made in favor of compassionate release. Either party may reinstate this appeal by submitting a letter to this Court so requesting no later than 10 days after entry of the district court's new order. The Clerk shall direct any such appeal to this panel.

* * *

For the reasons set forth above, the case is **REMANDED** for further proceedings consistent with this Order. The Clerk is directed to issue forthwith a mandate limited to that necessary for the district court to comply with this directive.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We presume that the use of the word "extenuating" in the district court's order was in the nature of a typographical error. The district court likely intended to write "extraordinary," to mirror the statutory language.

4