*United States v. Nosov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 21-187

ALEXANDER NOSOV, AKA SASHA DLINNI,

*Defendant-Appellant*,

NATAN GOZMAN, VASILIY ERMICHINE, AKA

VASSYA, AKA BLONDIE,

        *Defendants.*

_____

FOR APPELLANT:                         RICHARD M. LANGONE, Langone & Associates, PLLC, Garden City, NY.

FOR APPELLEE:                          CHRISTY SLAVIK (Stephen J. Ritchin, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED.**

Alexander Nosov is serving concurrent life sentences resulting from his 2001 conviction for kidnapping and murder. *See* 18 U.S.C. §§ 1959(a)(1), (a)(2), 2101(a)(1), (c). In January 2021, Nosov timely appealed from the district court's order denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), also known as a motion for compassionate release. In March 2022, this Court remanded the case to the district court pursuant to the procedures outlined in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), with directions to clarify its reasons for denying Nosov's motion for compassionate release. We noted an unresolved tension between the government's acknowledgment that Nosov's

Body Mass Index ("BMI") placed him at greater health risk if he contracted COVID-19, which may have demonstrated extraordinary and compelling reasons for sentence reduction, and the district court's conclusion that Nosov had not shown extraordinary and compelling reasons warranting a reduction in sentence.

On remand, in a decision dated May 5, 2022, the district court again denied Nosov's motion for compassionate release concluding that even if he had shown extraordinary and compelling reasons for sentence reduction, relief was not warranted based on the relevant sentencing factors under 18 U.S.C. § 3553(a). In this reinstated appeal, Nosov challenges that decision. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the district court's judgment.

We review a district court's denial of sentence reduction under § 3582(c)(1)(A) deferentially, applying an abuse-of-discretion standard. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court may exercise its discretion to "reduce [a] term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable, if it finds that . . .

extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Nosov essentially argues that the district court abused its discretion by failing to fairly consider several non-frivolous arguments in support of his motion. In particular, he highlights his young age at the time of the offense; post-sentence evidence in the form of an affidavit from a co-conspirator that Nosov contends shows that he was not as culpable as the evidence before the sentencing court suggested; the impact of the COVID-19 pandemic on the severity of his sentence; the asserted disproportionality between his sentence and that of co-conspirators; and his rehabilitation.

When reviewing a motion for a sentence modification, a district court need only "adequately explain the chosen sentence to allow for meaningful appellate review." *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (citing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).[1] The sufficiency of a district court's explanation in support of its decision to deny sentence reduction depends on the circumstances of each case. *See Chavez-Meza*, 138 S. Ct. at 1965. The relevant

---

[1] In quotations from caselaw and the parties' briefing, this opinion omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

circumstances include whether the district court's rationale is "apparent from the record," *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013), as well as the complexity of the case and the judge's familiarity with the record and the parties' arguments. *See Chavez-Meza*, 138 S. Ct. at 1967.

To the extent Nosov argues that the U.S. Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), alters this framework, we disagree. In *Concepcion*, the Court considered a request for sentence reduction under § 404(b) of the First Step Act. Pub.L. 115-391, Title IV, § 404, Dec. 21, 2018, 132 Stat. 5222. The Court acknowledged the unremarkable principle that "district courts are always obligated to consider nonfrivolous arguments presented by the parties," 142 S. Ct. at 2396, but also emphasized that a district court is not required "to make a point-by-point rebuttal of the parties' arguments." *Id.* at 2404–05.

In this case, the district court's explanation is adequate to allow for meaningful appellate review, and we can readily discern that the district court considered Nosov's non-frivolous arguments. The district court expressly acknowledged all of defendant's arguments, and it found that his educational achievements and conduct while in prison were laudable; but the court concluded after considering the § 3553(a) factors that a sentence reduction was nevertheless

unwarranted. In reaching this conclusion, the court emphasized the particularly brutal nature of the underlying crime and Nosov's much delayed and only partial acceptance of responsibility for his actions—the central factors in the court's § 3553(a) analysis. Moreover, in describing the violent nature and circumstances of Nosov's crime based on the evidence from trial and the initial presentence report considered by the sentencing court, the district court implicitly rejected the recharacterization of Nosov's role reflected in his former co-conspirator's more recent post-sentence affidavit. In light of the above, we conclude that the district court did not abuse its discretion in denying Nosov's motion.

* * *

For the reasons set forth above, the district court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6