United States v. Gil

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-four.

PRESENT:   Reena Raggi,
            Denny Chin,
            Steven J. Menashi,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                              No. 22-3048-cr

CARLOS GIL, AKA King Cohones,

     *Defendant-Appellant*.

_____

  *For Appellee*:                          Susan Corkery and Adam R. Toporovsky, Assistant United

States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant:*                    Peter J. Tomao, Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court of August 8, 2022, is **AFFIRMED**.

On November 14, 2007, Defendant-Appellant Carlos Gil was sentenced to two life sentences for murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and for causing death through the use of a firearm in violation of 18 U.S.C. § 924(j)(1). On July 6, 2021, Gil filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On August 19, 2021, the district court denied the motion in an electronic order that stated, in relevant part:

> The Court has reviewed the parties['] submissions and considered all their arguments. Upon due consideration, the Court has determined there are no extraordinary or compelling reasons that permit alteration of the defendant['] sentence at this time. In the alternative, the Court believes the section 3553(a) factors support maintaining the defendant['] original sentence.

Electronic Order, *United States v. Gil*, No. 04-CR-1057 (E.D.N.Y. Aug. 19, 2021). On August 30, 2021, Gil filed a motion for reconsideration of the order. On September 2, 2021, the district court denied the motion for reconsideration of its August 19 denial.

On August 4, 2022, Gil filed a second pro se motion for compassionate release titled "Memorandum of Law in Support of Motion to Reduce Sentence

pursuant to 18 USC sec. 3582(c)(1)(A)." This second motion recounted the facts described in his first motion and made arguments in support of compassionate release that were substantially the same as the arguments made in the first motion. Along with the second motion, Gil sent the district court two letters: one requesting that a schedule be set for the government's response to his second motion and his reply, and the other requesting that the district court appoint counsel to represent him. On August 8, 2022, the district issued two electronic orders, which read: "Dismissing as moot the defendant's pro se motion … for extension of time to file reply. See electronic order dated September 2, 2021" and "Denying the pro se defendant's motion … for appoint[ment] of counsel." Electronic Orders, *United States v. Gil*, No. 04-CR-1057 (E.D.N.Y. Aug. 8, 2022).

Gil now appeals the denial of his second motion for compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

# I

"We review the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "An order denying compassionate relief may be brief so long as it communicates some indication of the rationale for the ruling," and "a district court may incorporate by reference a party's arguments … without abusing its discretion." *United States v. Lespier*, No. 22-1372, 2024 WL 208117, at *1 (2d Cir. Jan. 19, 2024) (internal quotation marks omitted). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). A district court's "failure to state reasons" for denying compassionate release "will not always require a remand" given that, "[i]n some situations, such a failure may be harmless, because … the reasons for the district court's actions may be obvious from the history of the case." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). Indeed, the district court's "reasoning can often be inferred by comparing

what was argued by the parties or contained in the pre-sentence report with what the judge did." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (quoting *United States v. Jiménez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006)), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

"We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

## II

The district court's electronic order of August 8, 2022—"[d]ismissing as moot the defendant's pro se motion … for extension of time to file reply" and referencing the "electronic order dated September 2, 2021"—was not entirely clear and could be read in two ways. First, the order could be understood as denying Gil's second motion and then also denying his motion for a briefing schedule as moot in light of the denial. Second, the order could be understood to indicate that the district court misunderstood Gil's second motion as a further attempt to relitigate the first motion from the preceding year and to have the district court reconsider its denial of the first motion. This latter view finds support in the docket entry categorizing Gil's second motion as a memorandum of law regarding his prior "MOTION for Reconsideration re Order on Motion to Dismiss … Denying Petitioner's Motion for Compassionate Release." Docket Entry, *United States v. Gil*, No. 04-CR-1057 (E.D.N.Y. Aug. 4, 2022), ECF No. 107. Gil's second motion was a new motion for compassionate release, however, rather than a memorandum supporting reconsideration of the district court's denial of Gil's earlier motion for reconsideration.

Even if the district court erred in its understanding of Gil's second motion, any error would be harmless. *See Christie*, 736 F.3d at 196. The district court plainly did not abuse its discretion in denying Gil's first motion. It provided an adequate explanation of the denial in an electronic order—noting that it considered all the

arguments the parties raised in submissions, that there were "no extraordinary or compelling reasons" for a sentence reduction, and that "the section 3553(a) factors support maintaining the … original sentence." Electronic Order, *United States v. Gil*, No. 04-CR-1057 (E.D.N.Y. Aug. 19, 2021). The order provided the required "minimal statement of reasons." *Christie*, 736 F.3d at 197.

Gil's second motion restated the arguments presented in his first motion and did not add any new grounds for relief. Accordingly, we can infer the district court's justification for denying the second motion from its electronic order denying the first motion. In this way, the district court's denial of the second motion was not procedurally unreasonable because "the reasons for the district court's actions [were] obvious from the history of the case" and we have a sufficient "indication of the rationale for the ruling." *Id*. at 196. Even if the district court believed that the second motion was an attempt to reconsider the denial of the first motion, that error would be harmless because the record makes clear that the district court would have denied the second motion for the same reasons it declined to reconsider the denial of the first one.

\*     \*     \*

We have considered Gil's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court