*United States v. Laporta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

PRESENT:    STEVEN J. MENASHI,
            EUNICE C. LEE,
                 *Circuit Judges*,
            HECTOR GONZALEZ,
                 *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

     *Appellee*,

   v.                                         No. 24-1735

ANTHONY LAPORTA, also known as ANTHONY PATRIA, also known as AP,

     *Defendant-Appellant*,

JONATHAN CALDERON, also known as MANAGER, also known as MANNY,

     *Defendant.*[†]

_____

---

[*] Judge Hector Gonzalez of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant*:  James D. Gatta, Jacqueline R.D. Fielding, Owen C. Marks, Goodwin Procter LLP, New York, NY.

*For Appellee*:  Dylan A. Stern, Anna L. Karamigios, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, C.J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Anthony Laporta appeals from a judgment entered by the district court denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Following a guilty plea, Laporta was convicted of conspiracy to distribute and possess with intent to distribute heroin, cocaine base, and fentanyl and sentenced to seventy months of imprisonment, to be followed by four years of supervised release. In December 2023, Laporta moved for a sentence reduction, arguing that Amendment 821 entitled him to a two-point reduction to his criminal history points and a two-level reduction to his base offense level. The district court denied the motion, concluding that although Laporta was eligible for a two-point reduction to his criminal history points, a sentence reduction was not warranted under the factors listed in 18 U.S.C. § 3553(a). *See United States v. Laporta*, No. 21-CR-445, 2024 WL 1348691, at *4 (E.D.N.Y. Mar. 29, 2024).

On appeal, Laporta argues that the district court erred by failing to consider nationwide sentencing disparities under § 3553(a)(6). We assume the parties'

familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

We review the district court's denial of Laporta's motion for a sentence reduction for abuse of discretion. *See United States v. Williams*, 102 F.4th 618, 623 (2d Cir. 2024).

Section 3582(c)(2) provides that when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## II

The district court correctly determined that Laporta was entitled to a two-point reduction to his criminal history points pursuant to Amendment 821, which modified the calculation of status points for defendants who committed crimes while serving sentences for prior convictions. *See* U.S.S.G. App. C, amend. 821, Part A (2023). Applying Amendment 821, the district court determined that Laporta should have three criminal history points, instead of five, because the initial calculation included a two-point increase based on his commission of the offense while on probation for a gang assault. The district court correctly calculated Laporta's revised range under the Sentencing Guidelines to be sixty-three to seventy-eight months of imprisonment. *See Laporta*, 2024 WL 1348691, at *2.

The district court did not abuse its discretion by concluding that a reduction was unwarranted in light of the § 3553(a) factors. The district court explained that Laporta (1) had a history of recidivism and remained undeterred, (2) had been found with contraband, including two handmade weapons and two cellphones,

after he was sentenced for the instant offense, and (3) had received the same sentence as his co-defendant, who was similarly situated in all material respects. *See id.* at *4. The district court concluded that Laporta's current "sentence of seventy months of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing." *Id.* at *3.

Laporta argues that the district court improperly applied § 3553(a)(6) by considering the need to avoid sentencing disparities only between Laporta and his co-defendant and by failing to consider the need to avoid sentencing disparities nationwide. *See* Appellant's Br. 10-12. Although § 3553(a)(6) "does not require a district court to consider disparities between co-defendants," *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (quoting *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013)), there is no error in considering such disparities nonetheless, *see id.* (noting that "the district court did consider [the] sentence in the context of co-defendants who had already been sentenced"). The district court was therefore entitled to consider the sentence of Laporta's co-defendant.

While § 3553(a)(6) "requires a district court to consider nationwide sentence disparities," *Ghailani*, 733 F.3d at 55, fulfilling that requirement does not demand an express statement when "the reasons for the sentence [are] already apparent in the record." *United States v. Ortiz*, 100 F.4th 112, 121 (2d Cir. 2024). "[S]entencing is a responsibility heavy enough without our adding formulaic or ritualized burdens," *id.* (quoting *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008)), so "[w]e do not require district courts to engage in the utterance of 'robotic incantations' when imposing sentences," *id.* (quoting *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020)).

In this case, the district court explained that it had considered "the relevant section 3553(a) factors" and that—"[w]ithout affording undue weight to any one factor or set of factors"—its decision was guided by § 3553(a)(2)(A)-(B). *Laporta*, 2024 WL 1348691, at *3-4. Because the district court provided "enough explanation of how it exercised its sentencing discretion to permit meaningful appellate

4

review," it committed no procedural error. *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013).

*       *       *

We have considered Laporta's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court