*United States v. Brome*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

          v.                                                      15-3945

JAMES BROME, AKA Trouble, AKA B,

                    *Defendant-Appellant.*

---

For Defendant-Appellant:      JAMES BROME, *pro se*, White Deer, PA

For Appellee:                 JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY

Appeal from two orders of the United States District Court for the Western District of New York (Siragusa, *J.*), entered October 21 and November 23, 2015, respectively.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant James Brome, proceeding *pro se*, appeals from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes. *See* U.S. Sentencing Guidelines Manual app. C., amend. 782 (U.S. Sentencing Comm'n 2014). Brome also appeals from the district court's denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Likewise, we review the denial of a reconsideration motion for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Upon review, we conclude that vacatur is warranted because we are unable fully to evaluate the basis for the district court's exercise of discretion on the present record. In denying Brome's § 3582(c)(2) motion, the district court cited "the nature of the defendant's history and

2

characteristics and the need for the sentence to reflect the seriousness of the offense."   App'x 20. But with respect to Brome's history and characteristics, the district court specifically focused on information, contained in Brome's original PSR, that he had absconded from supervision and assaulted another inmate.   Brome was never prosecuted for absconding from supervision, and he was acquitted of the assault charge.   While these facts do not necessarily mean that the underlying conduct cannot properly be considered, *cf. United States v. Aldeen*, 792 F.3d 247, 254 (2d Cir. 2015) (affirming, in sentencing context, that conduct underlying a dismissed charge may be considered where appropriate factual findings as to the conduct are made), the record does not reveal whether the district court was aware of this information at the time it decided the present motion, nor does it otherwise provide a basis for understanding the court's consideration of these incidents, which formed the basis for its analysis whether Brome's § 3582(c)(2) motion to reduce his sentence should be granted.

The remainder of the district court's order does not otherwise sufficiently illuminate the district court's reasoning so as to permit this Court to review the district court's exercise of discretion.   *See United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) ("We cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review.   Without a sufficient explanation of how the court below reached the result it did, appellate review of the reasonableness of that judgment may well be impossible.").   In fact, in denying Brome's motion for reconsideration, the district court provided no explanation at all.

To be clear, we conclude simply that the present record, for the particular reasons noted here, is inadequate to permit this Court to review the exercise of discretion by the district court.

3

We otherwise express no view as to the merits of Brome's motion. On this basis, we **VACATE**

the district court's orders and **REMAND** for reconsideration of Brome's § 3582(c) motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4