18-858-cr(L)
United States v. Brome

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of November, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
                    DEBRA ANN LIVINGSTON,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                                 No. 18-858-cr(L);
                                                                               No. 18-1199-cr(CON)

JAMES BROME, AKA TROUBLE, AKA B,

                    *Defendant-Appellant*.*

-----------------------------------------------------------------

---

*The Clerk of Court is directed to amend the official caption as shown above.

FOR DEFENDANT-APPELLANT: STEVEN Y. YUROWITZ, Newman & Greenberg LLP, New York, NY.

FOR APPELLEE: SEAN C. ELDRIDGE, Assistant United States Attorney (Mary C. Baumgarten, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from the order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

James Brome appeals from an order of the District Court (Siragusa, J.) denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). In this summary order, we address whether the District Court abused its discretion in denying Brome's motion to reduce his sentence. In a separate opinion filed simultaneously with this summary order, we affirm the District Court's order denying Brome's motion under 18 U.S.C. § 983 for the return of cash that the Drug Enforcement Administration seized from him and later forfeited. With respect to the issues that are the subject of this summary order, we assume the

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Brome pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement in which the parties agreed to a term of imprisonment of 204 months. At sentencing, the District Court adopted the presentence investigation report's calculation of a Guidelines range for Brome of 235 to 293 months, which was higher than the plea agreement's calculation of 188 to 235 months. The District Court nevertheless accepted Brome's Rule 11(c)(1)(C) plea, sentencing him principally to 204 months' imprisonment.

In 2015 Brome moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Guidelines Amendment 782, which reduced the base offense level for his narcotics conspiracy offense by two levels. See U.S. SENTENCING GUIDELINES MANUAL app. C., amend. 782 (U.S. SENTENCING COMM'N 2014). The District Court denied Brome's motion, but in a prior appeal we vacated that decision because it did not "sufficiently illuminate [its]

3

reasoning so as to permit this Court to review the district court's exercise of discretion." United States v. Brome, 665 F. App'x 89, 91 (2d Cir. 2016). On remand, the District Court reconsidered and again denied Brome's § 3582(c) motion.

When, as here, a defendant is eligible for a sentencing reduction under § 3582(c), we review a district court's denial for abuse of discretion. United States v. Christie, 736 F.3d 191, 195 (2d Cir. 2013). Here, as it was required to do, the District Court considered the relevant factors under 18 U.S.C. § 3553(a), including the need for Brome's sentence to reflect the seriousness of his offense and his personal history and characteristics. The District Court focused in particular on Brome's past behavior, including his numerous parole violations. For these reasons, we conclude that the District Court did not abuse its discretion in declining to reduce Brome's sentence under the circumstances presented here. That Brome's sentence of 204 months fell within the applicable amended Guidelines range reinforces our conclusion.

Brome also argues that the District Court did not give him enough of an opportunity to defend his § 3582(c) motion on remand, in violation of his due

4

process rights. We are not persuaded. Section 3582 authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 826 (2010); see U.S.S.G. § 1B1.10(a)(3). A defendant is accordingly not guaranteed the same procedural protections as in the sentencing context. Christie, 736 F.3d at 195. Here, Brome was aware of our decision to vacate the District Court's original decision regarding his § 3582(c) motion, and there is no evidence that he attempted to submit anything in connection with the District Court's reconsideration of that motion, or that he was denied the opportunity to do so. Accordingly, Brome's due process argument is without merit.

We have considered all of Brome's remaining arguments that are not the subject of the accompanying opinion and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5