22-1372-cr
*United States v. Lespier*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-four.

PRESENT:   Steven J. Menashi,
           Alison J. Nathan,
           Maria Araújo Khan,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                                                  No. 22-1372-cr

RICHARD LESPIER, AKA RICKY,

      *Defendant-Appellant.*\*

_____

---

\* The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:

KATHERINE E. BOYLES, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendant-Appellant*:

CARLY LEVENSON, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court of June 21, 2022, is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Richard Lespier appeals the denial of his request for compassionate release pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i). Lespier is serving a mandatory minimum life sentence for murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1). "We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). Because "[a] district court has broad discretion when considering a motion for compassionate release," a district court abuses its discretion only when it "bases its ruling 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting

*United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

The First Step Act effectively establishes "three requirements that must be satisfied before a court can grant" a motion for compassionate release: (1) exhaustion of administrative remedies, "absent waiver or forfeiture by the government," (2) a balancing of the 18 U.S.C. § 3553(a) factors that favors release, and (3) a determination that the defendant's "circumstances are indeed 'extraordinary and compelling.'" *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "[I]f a district court determines that one of these conditions is lacking, it need not address the remaining ones." *Id.* at 73.

In this case, the district court's order denying compassionate release read in full:

> Noting the Defendant's laudable conduct while incarcerated the court for the reasons stated in the Government's cogent objection, most notably the fact that the Defendant is subject to a mandatory minimum life sentence, denies the motion.

J. App'x 18. An order denying compassionate relief may be "brief" so long as "it communicates 'some indication of the rationale for the ruling.'" *United States v. Chen*, No. 21-2595, 2023 WL 3589894, at *2 (2d Cir. May 23, 2023) (quoting *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013)); *see also Concepcion v. United States*, 597 U.S. 481, 501 (2022) ("[A] district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation."). And a district court may incorporate by reference a party's arguments—as the district court did here— without abusing its discretion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record."). On appeal, this court will read

3

such orders "in context with the government's submissions and the district court's prior compassionate-release orders," *United States v. Goodman*, No. 22-527, 2023 WL 3513573, at *2 (2d Cir. May 18, 2023), and will "discern the court's reasons for denying relief from the 'history of the case,'" *United States v. Foskey*, No. 21-149, 2022 WL 92043, at *1 (2d Cir. Jan. 10, 2022) (quoting *Christie*, 736 F.3d at 196). In this way, "[t]he context and the record may render a district court's explanation adequate even where the judge might have said more." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal quotation marks omitted). Moreover, a district court need not always expressly address the sentencing factors in 18 U.S.C. § 3553(a) because "[a] district court is presumed to have 'considered all relevant § 3553(a) factors and arguments' unless the record suggests otherwise." *Halvon*, 26 F.4th at 570 (quoting *Rosa*, 957 F.3d at 118).

For these reasons, the brevity of the order does not itself indicate an abuse of discretion.[1]

## II

The only potential deficiency in the district court's order was its treatment of the mandatory minimum sentence. We explained in *United States v. Brooker* that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2020). Following *Brooker*, we "explicitly h[e]ld that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release." *Halvon*, 26 F.4th at 570.

Thus, per *Halvon*, if the district court denied Lespier's motion for compassionate release on the ground that his mandatory minimum sentence *categorically* precluded the court from granting the motion, it erred. However, if

---

[1] Although a brief order may suffice, we note that the better practice typically would be for the district court to provide litigants with a thorough explanation of its decision.

the district court treated the mandatory minimum sentence as one relevant consideration, that decision would fall within the district court's "broad discretion." *Id*. at 569. The district court's order is not entirely clear as to whether it viewed the mandatory minimum sentence as a categorical bar.

On the one hand, there are reasons to think that the district court did not treat the mandatory minimum as a categorical bar to compassionate release. First, the district court's order weighs the government's arguments against "the Defendant's laudable conduct while incarcerated," suggesting it did not believe that the mandatory minimum sentence categorically settled the issue. J. App'x 18. Second, the district court referred to "the reasons stated in the Government's cogent objection, most notably the fact that the Defendant is subject to a mandatory minimum life sentence," *id.*, and the government's objection generally does not treat the mandatory minimum sentence as a categorical bar. The government's objection cites several cases in which compassionate release was granted despite mandatory minimum sentences, and it distinguishes those cases from this one. *Id.* at 121-23. The government's opposition acknowledges that district courts in our circuit have previously "been willing to reduce lengthy sentences, including sentences imposed pursuant to mandatory minimums," but it argues that those cases involved "some special factor impacting the defendant" that is not present here. *Id.* at 122. The government's opposition argues that "Lespier's punishment … provides no basis for reducing his sentence," given the lack of special factors such as the defendant's youth. *Id.* at 123. Moreover, the government's opposition emphasizes that the mandatory minimum sentence means that the length of Lespier's sentence is "no outlier" and that "[a]n identical defendant sentenced for the first time in 2022 would still face the same mandatory minimum of life in prison." *Id.* at 121. If the district court intended to adopt these "reasons stated in the Government's … objection," it did not abuse its discretion.

On the other hand, one passage in the government's objection seems to contradict *Halvon*—and indeed the government was unaware of *Halvon* because it was decided the same day the objection was filed. That passage argues that "'the

5

length of the sentence cannot be an extraordinary and compelling reason to grant compassionate release because this would infringe on the legislature's province to fix penalties. This is especially true' in cases involving statutory mandatory minimums." *Id.* at 122 (alteration omitted) (quoting *United States v. Andrews*, 480 F. Supp. 3d 669, 678-79 (E.D. Pa. 2020), *aff'd*, 12 F.4th 255 (3d Cir. 2021)). The passage continues to say that "[i]n seeking a modification of a mandatory minimum sentence, the defendant essentially 'asks the Court to reevaluate his sentence and fashion its own brand of justice. But to do so in this manner would intrude on legislative prerogatives.'" *Id.* (quoting *Andrews*, 480 F. Supp. 3d at 679). These statements might suggest that the district court understood itself to be *categorically barred* from granting compassionate release in cases involving a mandatory minimum sentence. If the district court believed that it was categorically barred, *contra Halvon*, its order would have reflected a legal error. We therefore cannot say for certain whether the district court abused its discretion in denying compassionate release.

The practice of affirming a judgment but "remand[ing] partial jurisdiction to the district court to supplement the record on a discrete factual or legal issue while retaining jurisdiction over the original appeal" is known in this circuit as a *Jacobson* remand. *Rosa*, 957 F.3d at 121 n.29 (quoting *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, J., concurring)); *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

Given the ambiguity in the district court's order, we believe that a *Jacobson* remand is appropriate for the district court to supplement its order to clarify whether its decision was consistent with *Halvon*. Although we remand for clarification as to the basis for the denial of compassionate release, on remand the district court may consider Lespier's arguments and determine that it would instead grant the motion for compassionate release. *See United States v. Nosov*, No. 21-187, 2022 WL 803985, at *2 (2d Cir. Mar. 17, 2022).

6

\*     \*     \*

We have considered the parties' remaining arguments, which we conclude are without merit. For the foregoing reasons, we remand the case to the district court pursuant to *Jacobson* to clarify the reasons for its denial of Lespier's compassionate release motion or, in the alternative, to conclude that it should grant the motion. Upon the district court's issuance of a new order, either party may restore the matter to the active docket of this court by letter without filing a new notice of appeal. If either party seeks further action from this court, the matter will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court