*United States v. Johnson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-five.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                            No. 23-7807

CALVIN JOHNSON, AKA Cal,

      *Defendant-Appellant*.

_____

For Defendant-Appellant:     JEREMIAH DONOVAN, Old Saybrook, CT.

For Appellee:     THOMAS R. SUTCLIFFE, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*) denying Appellant's motion for a sentence reduction.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 9, 2023 order of the district court is **AFFIRMED**.

Calvin Johnson, a federal inmate serving a 420-month sentence for drug-trafficking and possessing a firearm after a felony conviction, appeals from an order of the district court denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

From around September 2009 to March 2014, Johnson was a member of a street gang that distributed approximately 2,000 grams of crack cocaine, 6 kilograms of powder cocaine, 1,500 kilograms of marijuana, and 200 grams of heroin around Binghamton, New York. As part of that operation, Johnson ran a

night club where he and other gang members conducted drug transactions. During a search of the club, law enforcement officers recovered a handgun with a defaced serial number belonging to Johnson. Johnson engaged in these activities notwithstanding his two prior convictions involving the sale of narcotics in violation of N.Y.P.L. § 220.39(1).

In October 2014, Johnson was charged with conspiring to distribute controlled substances in violation of 21 U.S.C. § 846, and possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). In light of his two prior narcotics convictions, the government also filed a prior felony information pursuant to 21 U.S.C. § 851 that subjected him to a mandatory life sentence. *See* Pub. L. No. 100-690, § 6452, 102 Stat. 4181, 4371 (1988) (current version at 21 U.S.C. § 841(b)(1)(A)). After Johnson pleaded guilty and was sentenced to a life term of imprisonment, he appealed his conviction, which was vacated on the ground that his plea was not entered voluntarily, knowingly, and intelligently. *See United States v. Johnson*, 850 F.3d 515, 523–24 (2d Cir. 2017). On remand, the parties reached a new plea agreement pursuant to which the government dismissed one of Johnson's convictions from the prior felony information and the parties stipulated to a sentence of 420 months' imprisonment.

After calculating Johnson's offense level and concluding that he qualified as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1, the district court sentenced Johnson to the agreed-upon 420 months.

Since that resentencing, Johnson has filed four *pro se* motions to reduce his sentence under section 3582(c)(1)(A), all of which have been denied by the district court.[1] Section 3582(c)(1)(A) authorizes a district court to grant a sentence reduction when a defendant makes a showing of "extraordinary and compelling reasons" and demonstrates that "the factors set forth in section 3553(a)" merit a reduction. 18 U.S.C. § 3582(c)(1)(A). Because both extraordinary and compelling circumstances *and* a favorable assessment of the section 3553(a) factors are required, a district court may deny relief on either ground. *See United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022).

In his fourth motion for a sentence reduction, Johnson primarily argued that, under intervening Second Circuit caselaw, his prior state convictions no longer qualify as predicates for the career-offender Guidelines enhancement or statutory enhancement under section 841(b)(1)(A). *See United States v. Gibson*, 55

---

[1] The government considers Johnson's second motion to have been a supplement to his first motion, and so refers to the motion at issue on this appeal as Johnson's third motion. For simplicity's sake, we adopt the district court's and Johnson's framing: that the motion denied below and subject to this appeal was Johnson's *fourth* motion for a sentence reduction.

F.4th 153, 155 (2d Cir. 2022) (finding a conviction under N.Y.P.L. § 220.39(1) could not serve as a predicate for the career-offender enhancement because the statute criminalized a broader range of controlled substances than its federal counterpart); *United States v. Minter*, 80 F.4th 406, 407 (2d Cir. 2023) (finding a conviction for the sale of cocaine under N.Y.P.L. § 220.39(1) may not serve as a predicate "serious drug offense" to enhance a defendant's sentence under the Armed Career Criminal Act). He also invoked U.S.S.G. § 1B1.13(b)(6), a recently promulgated amendment to the Guidelines which provides that an intervening change in the law may qualify as an "extraordinary and compelling reason" for some defendants who have received an unusually long sentence. The district court nevertheless denied his motion in a text order, stating that Johnson "failed to establish extraordinary and compelling reasons to reduce his sentence," and "in any event, a careful balancing of the factors set forth in 18 U.S.C. § 3553(a) weigh decidedly against a sentence reduction." Johnson App'x at 37. This appeal followed.

We review the district court's denial of a motion for a sentence reduction for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court abuses its discretion when it "(1) base[s] its ruling on an erroneous view of the law, (2) ma[kes] a clearly erroneous assessment of the evidence, or (3)

5

render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (emphasis and internal quotation marks omitted).

The parties spill a great deal of ink over whether Johnson has demonstrated an extraordinary and compelling reason justifying a sentence reduction, and whether U.S.S.G. § 1B1.13(b)(6) was validly promulgated and applies to Johnson. But none of this matters given the district court's reliance on an independent basis for denying Johnson's motion — namely, that a sentence reduction was not warranted based on its consideration of the section 3553(a) factors. *See Halvon*, 26 F.4th at 571.

Although Johnson effectively concedes that consideration of the section 3553(a) factors are alone sufficient to justify denial of a motion for a sentence reduction, he nevertheless insists that the district court did not adequately explain why the section 3553(a) factors militated against a sentence reduction, making it impossible for us to determine on appeal that the court did not abuse its discretion. In denying a motion for a sentence reduction, a district court must "provide . . . enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir.

2013). "The explanation required need not be lengthy," but must give "*some indication* of the rationale for the [district court's] ruling." *Id.* (emphasis added). And even if the district court fails to provide an explanation, "such a failure may be harmless" if "the reasons for the district court's actions [are] obvious from the history of the case." *Id.*

To be sure, the district court's text order below was brief. But on this record, the district court met its descriptive obligation by making clear the section 3553(a) factors did not, in its view, warrant a sentence reduction. This case is readily distinguishable from those in which we have required a more detailed explanation, such as where the district court merely "checked a box marked 'denied'" on a "pre-printed" form that "included boilerplate language stating that the court had . . . tak[en] into account . . . the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Christie*, 736 F.3d at 194 (internal quotation marks omitted). Here, we are not left guessing as to the basis for the court's decision, since the district court expressly endorsed the reasons set forth in the government's letter brief opposing Johnson's motion. *See* Johnson App'x at 37 ("denying . . . motion . . . for each of the two alternative reasons stated in the [g]overnment's opposition letter-brief").

The district court's reasoning is also sufficiently "obvious from the history of the case." *Christie*, 736 F.3d at 196. Specifically, the district court provided a more detailed explanation as to why the section 3353(a) factors weighed against a sentence reduction in its January 2021 order denying Johnson's first and second motions, in which it noted that "[t]he lengthy and large-scale nature of [the drug] conspiracy, combined with [Johnson's] possession of a firearm, represents a highly serious offense." Johnson App'x at 233. In light of those facts, the district court concluded that "the sentence imposed reflects the gravity of [Johnson's] conduct" and "serves to deter [Johnson] and others from engaging in similar conduct, promote respect for the law, and protect the public from further crimes." *Id.* While Johnson now only asks for a sentence reduction rather than an immediate release from prison, the district court's reasoning as to the propriety of the original sentence has not changed. Indeed, the only change in circumstances since the prior order was entered is the intervening case law and the decisions of a different district judge to reduce the sentences of two of Johnson's co-conspirators. But putting aside whether *Gibson* and *Minter* amount to changes in the law, the district court rejected similar arguments premised on the passage of the First Step Act of 2018 when it denied Johnson's first, second, and third motions for a sentence

reduction. Moreover, Johnson is plainly distinguishable from his co-conspirators, given that his offense conduct was more serious and that he was found to have obstructed justice. For all these reasons, we cannot say that the district court abused its discretion in denying Johnson's fourth motion for a sentence reduction.

*     *     *

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court