23-7096-cr
*United States v. Pimentel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:     Dennis Jacobs,
                Steven J. Menashi,
                Myrna Pérez,
                    *Circuit Judges.*

_____

United States of America,

       *Appellee,*

    v.                                     No. 23-7096-cr

Domingo Pimentel,

       *Defendant-Appellant.*

_____

*For Appellee*:                     KAYLAN LASKY, Assistant United States Attorney (James Ligtenberg, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

*For Defendant-Appellant*:            SUSAN C. WOLFE, Law Office of Susan C. Wolfe, Riverdale, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

In August 1988, Domingo Pimentel was arrested when a confidential informant arranged a sale of counterfeit currency with Pimentel. Less than two months later, while released on bail, Pimentel murdered the informant by repeatedly hitting him in the head with a baseball bat. A jury convicted Pimentel of interfering with the federally protected activities of a confidential informant in violation of 18 U.S.C. § 245(b)(1)(B), retaliating against a confidential informant in violation of 18 U.S.C. § 1513(a)(2), and jumping bail in violation of 18 U.S.C. § 3146. The district court sentenced Pimentel to life imprisonment on Count One,

2

a concurrent term of ten years of imprisonment on Count Two, and a consecutive term of fifteen months of imprisonment on Count Three.

This appeal involves Pimentel's third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Pimentel cites his age, his deteriorating health and vulnerability to COVID-19, his rehabilitation, and the need to avoid unwarranted sentencing disparities as "extraordinary and compelling reasons" justifying his release. 18 U.S.C. § 3582(c)(1)(A)(i).[2] The district court denied Pimentel's motion, reasoning that Pimentel's release was not justified based on the factors enumerated in 18 U.S.C. § 3553(a). On appeal, Pimentel argues that the district court abused its discretion by not considering all of the relevant § 3553(a) factors or his proffered "extraordinary and compelling reasons" justifying his

---

[1] The district court considered Pimentel's second motion to be a motion for reconsideration of his first motion. We refer to the motion in this appeal as Pimentel's third motion for compassionate release.

[2] On February 8, 2024, this court appointed counsel for Pimentel and ordered the parties to brief, "among any other issues, whether the district court abused its discretion in denying the motion without considering [Pimentel]'s eligibility for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii)." Motion Order, *United States v. Pimentel*, No. 23-7096, (2d Cir. Feb. 8, 2024), ECF No. 30. Under § 3582(c)(1)(A)(ii), a court may grant a defendant's motion for a sentence reduction when the defendant, among other requirements, has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). The parties agree that Pimentel does not qualify for such a reduction because his sentence was not imposed under § 3559(c).

3

release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I

We review a district court's denial of a motion for compassionate release for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has broad discretion when considering a motion for compassionate release." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

A district court may reduce a term of imprisonment when a defendant shows that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[T]here are three requirements that must be satisfied before a court can grant such relief," *Keitt*, 21 F.4th at 71, two of which are relevant to this appeal. First, "a court must 'consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.'" *Id.* (alterations omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)). Second, "the inmate must demonstrate that his

4

proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *Id.*

Because all conditions must be satisfied, "[i]t follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.* at 73. Thus, "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Id*.

## II

The district court did not abuse its discretion by denying Pimentel's motion for compassionate release based on the § 3553(a) factors. Consistent with the standard articulated in *Keitt*, the district court explained that it did not need to consider whether Pimentel offered extraordinary and compelling reasons justifying his release because it "d[id] not believe that releasing Mr. Pimentel early [was] justified after reviewing the factors under 18 U.S.C. § 3553(a)." App'x 154.

5

The district court then quoted the rationale for rejecting Pimentel's first motion for compassionate release less than three years earlier. The district court that had considered that earlier motion had explained that "application of the [§] 3553(a) factors cripple[d] [Pimentel's] request and outweigh[ed] any justification for early-release" based on "'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'" *Id.* at 155 (quoting 18 U.S.C. § 3553(a)(1), (2)(A)-(C)). Indeed, the earlier district court had rejected Pimentel's first motion because his offense conduct was "among the most serious and reprehensible the Court ha[d] ever encountered." *Id.*

The district court in this case "fully agree[d]" with that analysis and noted that "relatively little has changed in Mr. Pimentel's circumstances" since his motion for reconsideration of the denial of his first motion was rejected. *Id.* Accordingly, the district court concluded that "in light of the terrible nature of Mr. Pimentel's crime, modifying Mr. Pimentel's term of imprisonment would disserve the important sentencing factors highlighted above." *Id.* This reasoning

6

was supported by the record, and the district court did not abuse its discretion by denying Pimentel's motion based on those § 3553(a) factors.

**III**

Pimentel concedes that a district court may deny a motion for compassionate release based solely on the § 3553(a) factors. But he offers two reasons why the district court abused its discretion by doing so in this case. First, Pimentel argues that the district court failed to consider all the relevant § 3553(a) factors and instead focused only on the factors related to his offense conduct. Second, he argues that even if the district court did not need to decide whether he identified "extraordinary and compelling reasons" justifying his release, the district court failed to consider how his proffered reasons and changed circumstances since his last motion may have affected the weighing of the § 3553(a) factors.

The district court did not abuse its discretion in either respect. We "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020); *see also Halvon*, 26 F.4th at 571 ("We cannot assume a failure of consideration simply because a district court failed to discuss a given

factor.") (internal quotation marks and alterations omitted). And "[w]e have never required a district court to 'address every argument the defendant has made or discuss every § 3553(a) factor individually.'" *Keitt*, 21 F.4th at 72 (quoting *Rosa*, 957 F.3d at 119). "All that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 597 U.S. 481, 502 (2022).

Here, we have no reason to believe that the district court did not consider all of the § 3553(a) factors or Pimentel's arguments. The district court stated that it had "considered Domingo Pimentel's application for compassionate release and its supporting materials" and noted that "relatively little has changed" since the earlier district court denied his previous motion for compassionate release. App'x 154-55. The district court did not specifically address the arguments that Pimentel raised for the first time in this motion—his rehabilitation and the need for courts to avoid unwarranted sentencing disparities—but it was not required to do so. The district court did not ignore those arguments but decided that the factors recounted in its order outweighed the considerations Pimentel had raised. Pimentel's "disagreement with how the district court balanced the § 3553(a)

8

factors" is "not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted).

By expressly relying on several of the § 3553(a) factors, the district court "provide[d] … enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). And because the district court's reasoning is "obvious from the history of the case," *id.*, we can identify no abuse of discretion in the denial of Pimentel's motion for compassionate release.

\*     \*     \*

We have considered Pimentel's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court