24-2156
*United States v. Angamarca-Zhicay*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-five.

PRESENT:  STEVEN J. MENASHI,
EUNICE C. LEE,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                                                 No. 24-2156

EDGAR ANGAMARCA-ZHICAY,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| *For Defendant-Appellant*: | Darrell Fields, Federal Defenders of New York, Inc., New York, NY. |
| *For Appellee*: | Susan Corkery, Charles Kelly, Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Edgar Angamarca-Zhicay appeals from a judgment of the district court sentencing him to thirty-six months of imprisonment. Angamarca-Zhicay pleaded guilty to (1) illegally reentering the United States, after being removed following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and (2) failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a)(3). On appeal, Angamarca-Zhicay challenges the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

When a defendant "does not contemporaneously object" to the reasonableness of his sentence, "'plain error analysis in full rigor' applies." *United States v. Burden*, 860 F.3d 45, 55 (2d Cir. 2017) (quoting *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008)). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. McIntosh*, 753 F.3d 388, 394 (2d Cir. 2014) (quoting *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011)).

## II

The district court did not err by sentencing Angamarca-Zhicay to thirty-six months of imprisonment. The district court calculated the applicable range under the Sentencing Guidelines and imposed an upward variance of fifteen months. *See* App'x 48, 74-75. When a district court imposes a sentence above the guidelines range, it must state "the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

Angamarca-Zhicay illegally reentered the United States after being removed for sexually abusing a minor. Not only did he fail to register as a sex offender after he returned to the United States without permission, but he also moved to the same street as the victim of his earlier crime.

Angamarca-Zhicay's sole argument on appeal is that the district court erred by concluding that he "acted 'recklessly' towards the victim" by moving near her. Appellant's Br. 2. In considering the seriousness of the offense, the district court explained that Angamarca-Zhicay inflicted additional anguish on the victim by illegally reentering the United States and appearing not only in her neighborhood but specifically on her street. *See* App'x 75-76. The district court explained that an upward variance was warranted because his prior conviction involved "a deliberate, horrible offense"—for which he served only one year of imprisonment—which "suggests that the guidelines are substantially understated." *Id.* at 75. The district court noted that although "[v]ery often the SORNA violations are a secondary consideration," those violations "are highly significant" in Angamarca-Zhicay's case "because given this history and given that the defendant was moving back to live with children, avoiding the authorities on that issue may have had some significant impacts and certainly escaped some of the administrative limitations that SORNA is intending to impose." *Id.* at 76. The district court concluded that through his illegal conduct Angamarca-Zhicay "recklessly" inflicted "trauma" on the victim. *Id.*

3

The district court thereby provided "enough explanation of how it exercised its sentencing discretion to permit meaningful appellate review," *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013), and its "justification is sufficiently compelling to support the degree of the variance," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The district court committed no procedural error. Angamarca-Zhicay's sentence was neither "shockingly high" nor "otherwise unsupportable as a matter of law" so as to be substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

\*　　\*　　\*

We have considered Angamarca-Zhicay's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4